CHARLES S. ELGUTTER, ADMINISTRATOR V. HERMAN
DRISHAUS.

FILED APRIL 3, 1895.   No. 6357.

Landlord and Tenant: NOTICE OF INTENTION TO QUIT:
WAIVER.  A landlord, by accepting without objection the pos-
session of leased premises, may be deemed to have waived such
right as otherwise he might have had to insist upon notice of
his tenant's intention to quit, even though before such accept-
ance of possession the landlord had notified the tenant that he
would insist upon such notice.

ERROR from the district court of Douglas county.   Tried
below before SCOTT, J.

*Charles S. Elgutter, pro se.*

*McCabe, Wood, Newman & Elmer, contra.*

RYAN, C.

By the terms of a written contract between the parties
to this action the plaintiff in error leased to the defendant
in error certain described real property in Omaha, at a
monthly rental of $35.   The term of the lease was one year,
beginning August 15, 1890.   After the expiration of this
particular year the defendant in error continued to occupy
the premises, paying in advance monthly rent at the rate
above stipulated.   The last of these payments was made
about February 1, 1892.   On the 3d day of the month last
named defendant in error sent to plaintiff in error a com-
munication in the following language:

"OMAHA, February 3d, 1892.
"*Charles Elgutter, Esq., Omaha, Neb.*—DEAR SIR: I
beg to inform you that I have rented a new house and in-
tend to move by February 15th.   I regret that I have no
time to give you longer notice, and you are at liberty to

put a sign up now, and shall be pleased to show anybody the house while we occupy it. Should the weather be very severe by that date, and I be compelled to remain in the house a few days longer, I trust it will be satisfactory if I pay you rent up to the date I move, unless of course you should have rented it by the 15th. Please state if this is satisfactory, and oblige,

"Yours truly,                  H. DRISHAUS."

On the day following the last above date plaintiff in error sent the following reply to the defendant in error:

"FEBRUARY 4, 1892.

"*Mr. H. Drishaus, City*—DEAR SIR: In reply to yours of the 3d, relative to vacating the house, it will be necessary for me to require of you the usual statutory notice of one month. Trusting this is satisfactory, I am,

"Yours truly,          CHARLES S. ELGUTTER."

Before February 15, 1892, defendant in error removed from the aforesaid premises and sent to plaintiff in error the keys of the house situated thereon. Plaintiff in error accepted said keys without further protest or communication to defendant in error and entered upon said premises and began making repairs for his own interest without notice to defendant in error. This action was brought to recover $35 as rent for the month which followed February 15, 1892, on the theory that the defendant in error was bound in advance to give thirty days' notice to terminate his liability for rent. There was a judgment in the district court of Douglas county in favor of the defendant. There is in the above facts sufficient evidence of a waiver of the technical right to insist upon thirty days' notice of an intention to quit to justify a finding in the district court in favor of the defendant in error, even if that right existed, a point which we do not feel called upon to determine. The judgment of the district court is

AFFIRMED.